# EXHIBIT "A"

CODE: 1425
Christopher J. Raleigh, Esq.
Nevada Bar No. 1596
**LAW OFFICES OF CHRISTOPHER J. RALEIGH, P.C.**
3800 Howard Hughes Pkwy., Ste. 500
Las Vegas, Nevada 89169
ph. (702) 699-5913; fax (702) 650-7696
Attorneys for Plaintiff

FILED

10 MAY 28  AM 10: 51

HOWARD W. CONYERS
Y. Lloyd
BY_____
DEPUTY

RECEIVED

JUN - 3 2010

DIVISION OF INSURANCE
STATE OF NEVADA

**DISTRICT COURT**
**WASHOE COUNTY, NEVADA**

UNION PACIFIC RAILROAD
COMPANY,

        Plaintiff,

vs.

ZURICH AMERICAN INSURANCE
COMPANY,
DOES 1 through 10, inclusive;
and ROE CORPORATIONS
1 through 10 inclusive,

        Defendants.

Case No. CV10 01623
Dept. No.

**COMPLAINT**

COMES NOW Plaintiff, UNION PACIFIC RAILROAD COMPANY, by and through its attorney, Christopher J. Raleigh, Esq. of the Law Offices of Christopher J. Raleigh, P.C., and by way of claim against the Defendants, alleges as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff, UNION PACIFIC RAILROAD COMPANY, is a corporation doing business in the State of Nevada and other states.

2.    Plaintiff is informed and believes and thereon alleges Defendant, ZURICH AMERICAN INSURANCE COMPANY (hereinafter referred to as "ZURICH") is a foreign

corporation licensed and qualified to do business in the State of Nevada and actually conducting the business of insurance in said State.

3.    Defendants, DOES 1 through 5 and ROE CORPORATIONS 1 through 5, inclusive, are individuals, associations, corporations, or other entities which may have owned, controlled or had an interest in Defendant ZURICH, or otherwise possessed or held an interest in ZURICH at the time relevant hereto.  The true names and capacities of these Defendants are currently unknown to Plaintiff, and Plaintiff will amend this Complaint to assert the true names and capacities of these Defendants when they are ascertained.

4.    Defendants DOES 6 through 10 and ROE CORPORATIONS 6 through 10, inclusive, are individuals, corporations, associations, or other entities which have, in some way, caused or contributed to Plaintiff's injuries and/or damages as herein alleged.  These Defendants are currently unknown to Plaintiff.  Plaintiff therefore sues Defendants under such fictitious names.  Plaintiff will ask leave of this Court to amend this Complaint when the true names and capacities of these Defendants are ascertained.

5.    At all times relevant herein mentioned, each of the Defendants was the agent, servant or employee of each other and the other Defendants and in doing such acts and things herein mentioned was acting within the scope of their authority as such agents, servants, and employees and with the permission and consent of such other Defendants.

6.    At a time prior to July 6, 2006, Plaintiff, UNION PACIFIC RAILROAD COMPANY, was an additional insured under a contract of insurance purchased from

-2-

1  ZURICH by DEVINE INTERMODAL, Policy No. BAP3486654. This policy of insurance,
2
3  purchased by DEVINE INTERMODAL pursuant to the requirements of the UNIFORM
4  INTERMODAL INTERCHANGE AND FACILITIES ACCESS AGREEMENT (an
5
6  agreement existing between Plaintiff and DEVINE INTERMODAL which defines the rights
7  and liabilities in one party's access to the premises of the other for the purpose of
8  interchanging intermodal equipment and which further establishes the terms and conditions
9
10  under which such intermodal equipment will be used) contained a Truckers-Uniform
11  Intermodal Interchange Endorsement Form UIIE-1.
12
       7.    It is Plaintiff, UNION PACIFIC RAILROAD COMPANY's understanding,
13
14  ZURICH'S primary insured, DEVINE INTERMODAL, made all required premium
15  payments due under said policy and there was a binding contract of insurance in force
16
17  providing coverage for DEVINE INTERMODAL and the Plaintiff, UNION PACIFIC
18  RAILROAD COMPANY on July 6, 2006.
19
       8.    On June 30, 2008, a Complaint was filed in the Second Judicial District Court
20
21  of the State of Nevada in and for the County of Washoe by Bert Brasher and Linda Brasher
22  against Plaintiff, UNION PACIFIC RAILROAD COMPANY, and others, wherein the
23  Brasher Plaintiffs claimed serious personal injury to Bert Brasher, an employee of DEVINE
24
25  INTERMODAL, as a result of a July 6, 2006 incident involving a trailer which was in use
26  during an interchange period.
27
       9.    Some time after the litigation referenced in Paragraph 8 above began, Bert
28

                                            - 3 -

1   Brasher's employer, DEVINE INTERMODAL, provided Plaintiff, UNION PACIFIC

2

3   RAILROAD COMPANY, copies of the varied insurance policies it had secured, in part,

4   pursuant to the UNIFORM INTERMODAL INTERCHANGE AND FACILITIES ACCESS

5   AGREEMENT.

6

7          10.    Upon receipt and analysis of the DEVINE INTERMODAL insurance policies,

8   including Policy No. BAP3486654, on October 1, 2009, Plaintiff, UNION PACIFIC

9
    RAILROAD COMPANY, as an additional named insured under said policy, tendered the
10

11  defense of the Brashers' Complaint to ZURICH and demanded ZURICH defend Plaintiff in

12  the Brasher litigation as well as indemnify Plaintiff up to the limit of liability coverage

13
    provided by the policy.
14

15         11.    To date, a period of over seven months, ZURICH has never provided a written

16  acknowledgment of Plaintiff's demand.  In addition, there has never been a written status

17
    update from ZURICH regarding Plaintiff's demand.  In approximately November 2009,
18

19  Plaintiff was finally provided contact information for a Third Party Administrator assigned

20  to handle the claim.  Thereafter, Plaintiff began communicating regularly with the Third

21
    Party Administrator in an effort to obtain information on the status of Plaintiff's tender.  To
22

23  date, the Third Party Administrator has been unable to provide the identity of the individual

24  allegedly evaluating Plaintiff's tender or whether the alleged coverage evaluation is being

25
    done by in-house or outside counsel.  In addition, the Third Party Administrator has no
26

27  information regarding the tender and has no contact at ZURICH regarding Plaintiff's

28

October 1, 2009 demand.

12. As a result of ZURICH'S delay or refusal to assume its obligations under the insurance contract to defend Plaintiff, Plaintiff has been forced to defend against and pay monies in connection with the Brasher lawsuit.

## FIRST CAUSE OF ACTION
### (Breach of Contract/Action on Contract)

13.    Plaintiff, UNION PACIFIC RAILROAD COMPANY, repeats and realleges paragraphs 1 through 12 as though fully set forth herein.

14.    ZURICH wrote a commercial automobile liability policy of insurance, Policy No. BAP3486654, naming DEVINE INTERMODAL as the primary insured.

15.    Plaintiff is named as an additional insured on the insurance policy described in Paragraph 14, above, and thus reasonably expected said policy to cover the aforementioned, Brasher loss.

16.    On October 1, 2009, Plaintiff submitted a claim to ZURICH regarding the Brasher lawsuit.

17.    As of the date of this Complaint, ZURICH has not responded to Plaintiff's claim.

18.    ZURICH breached the insurance agreement when it failed to respond to a first-party claim submitted by Plaintiff, its additional insured.

19.    ZURICH breached the insurance agreement when it failed to investigate the

-5-

1    first-party claim submitted by Plaintiff, its additional insured.

2
3        20.    ZURICH breached its duties and responsibilities to Plaintiff, an additional

4    named insured and intended beneficiary under the contract of insurance which existed

5    between DEVINE INTERMODAL AND ZURICH, by failing to provide Plaintiff with a

6
7    defense in the Brasher litigation.

8        21.    ZURICH breached its duties and responsibilities to Plaintiff in numerous ways,

9    including, but not limited to, the following:

10

11       a.    Failing to timely acknowledge and act upon Plaintiff's claim;

12       b.    Failing to provide Plaintiff a defense to the litigation filed against Plaintiff by

13              the Brashers;

14

15       c.    Unreasonably delaying and/or denying Plaintiff insurance benefits due under

16              the insurance policy;

17

18       d.    Failing to provide specific written reasons for the failure and delay in

19              providing Plaintiff benefits due under the policy, and

20

21       e.    Failing to properly and timely respond to inquiries concerning the status of

22              ZURICH'S alleged investigation regarding Plaintiff's claim;

23       22.    As a direct and proximate result of the breach of said duties and responsibilities

24
25    owed Plaintiff by ZURICH,  Plaintiff has suffered damages in an amount in excess of

26    $10,000.00.

27       23.    As a further direct and proximate result of the actions of ZURICH, Plaintiff has

28

- 6 -

incurred and will continue to incur attorney's fees and court costs in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
### (Bad Faith)

24.   Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25.   ZURICH owed a duty of good faith and fair dealing to Plaintiff resulting from Plaintiff's status as an insurance policy holder, additional named insured and/or intended beneficiary.

26.   ZURICH breached the duty of good faith and fair dealing owed Plaintiff in numerous ways, including, but not limited to, the following:

   a.   Failing to timely acknowledge, investigate, analyze, evaluate and otherwise act upon Plaintiff's claim;

   b.   Failing to provide Plaintiff a defense to the litigation filed against Plaintiff by the Brashers;

   c.   Unreasonably delaying and/or denying Plaintiff insurance benefits due under the insurance policy;

   d.   Failing to provide specific written reasons for the failure and delay in providing Plaintiff benefits due under the policy as required by Nevada law and insurance regulation; and

////

-7-

e.   Failing to properly and timely respond to inquiries concerning the status of ZURICH'S alleged investigation regarding Plaintiff's claim.

27.   As a direct and proximate result of the breach of the duty of good faith and fair dealing owed to Plaintiff by ZURICH, Plaintiff has endured and continues to endure special and general damages, in an amount in excess of $10,000.00.

28.   The conduct of ZURICH was in such wanton and total disregard of its contractual, common law and statutory obligations to Plaintiff, and constituted such a gross, reckless, fraudulent, willful, malicious and/or outrageous disregard for the consequences of its actions and/or omissions, as well as constituting such a manifest indifference to Plaintiff's rights and welfare so as to justify an assessment of exemplary punitive damages in an amount in excess of $10,000.00.

29.   As a further direct and proximate result of the bad faith conduct of ZURICH, Plaintiff has incurred and will continue to incur attorney's fees and court costs in an amount to be determined at the time of trial.

### THIRD CAUSE OF ACTION
### (Violation of Statute and Insurance Regulation)

30.   Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31.   Nevada Revised Statute 686A.310 and Nevada insurance regulations place obligations upon an insurance company when dealing with their own insureds. Through its unfair treatment of Plaintiff, ZURICH violated the Unfair Trade Practices Statute of the State

- 8 -

1  of Nevada, including, but not limited to, subsections 1(b), 1(c), 1(d), 1(e), 1(f), and 1(n) as

2

3  well as Nevada insurance regulations.

4      32.    The statutory violations and insurance regulation violations committed by

5  ZURICH have resulted in general and special damages to Plaintiff in an amount in excess

6

7  of $10,000.00.

8      33.    The statutory violations and insurance regulation violations committed by

9  ZURICH were in such wanton and total disregard of its obligations to Plaintiff, and

10

11  constituted such a gross, reckless, fraudulent, willful, malicious and/or outrageous disregard

12  for the consequences of its actions and/or omissions, as well as constituting such a manifest

13  indifference to Plaintiff's rights and welfare so as to justify an assessment of exemplary

14

15  punitive damages in an amount in excess of $10,000.00.

16      34.    As a further direct and proximate result of the statutory violations and

17

18  insurance regulation violations committed by ZURICH, Plaintiff has incurred and will

19  continue to incur attorney's fees and court costs in an amount to be determined at the time

20  of trial.

21

22                      **FOURTH CAUSE OF ACTION**
                         **(Breach of Fiduciary Duty)**

23

24      36.    Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth

25  herein.

26      37.    By issuing the commercial automobile liability policy, naming the Plaintiff as

27

28  an additional insured, and accepting premiums therefor, ZURICH held itself out to Plaintiff

as a fiduciary seeking to induce Plaintiff to repose trust and confidence in ZURICH through the protection and peace of mind ostensibly provided by the additional insured coverage issued to Plaintiff by ZURICH.

38.    ZURICH breached its fiduciary duty to owed to Plaintiff by the acts and omissions set forth herein, all to Plaintiff's damage in an amount in excess of $10,000.00.

39.    ZURICH's breach of its fiduciary duties were in such wanton and total disregard of its obligations to Plaintiff, and constituted such a gross, reckless, fraudulent, willful, malicious and/or outrageous disregard for the consequences of its actions and/or omissions, as well as constituting such a manifest indifference to Plaintiff's rights and welfare so as to justify an assessment of exemplary punitive damages in an amount in excess of $10,000.00.

40.    As a further direct and proximate result of the breach of fiduciary duty owed Plaintiff by ZURICH,  Plaintiff has incurred and will continue to incur attorney's fees and court costs in an amount to be determined at the time of trial.

### FIFTH CAUSE OF ACTION
### (Punitive Damages)

41.    Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42.    The conduct of ZURICH was in such wanton and total disregard of its contractual, common law and statutory obligations to Plaintiff, and constituted such a gross, reckless, fraudulent, willful, malicious and/or outrageous disregard for the consequences of

- 10 -

its actions and/or omissions, as well as constituting such a manifest indifference to Plaintiff's rights and welfare so as to justify an assessment of exemplary punitive damages in an amount in excess of $10,000.00.

WHEREFORE, Plaintiff UNION PACIFIC RAILROAD COMPANY, prays for judgment against Defendants, and each of them, as follows:

1.    For general and special damages in an amount in excess of $10,000.00;

2.    For special damages in an amount in excess of $10,000.00;

3.    For contractual and compensatory damages in an amount of excess of $10,000.00;

4.    For exemplary and punitive damages in an amount in excess of $10,000.00;

5.    For costs of suit incurred herein and reasonable attorney's fees; and

6.    For such other and further relief as this Court may deem just and proper.

Respectfully submitted this 27 day of May, 2010.

LAW OFFICES OF
CHRISTOPHER J. RALEIGH, P.C.

Christopher J. Raleigh, Esq.
Nevada Bar No. 1596
3800 Howard Hughes Pkwy., Ste. 500
Las Vegas, Nevada 89169
Attorneys for Plaintiff

- 11 -



1
2                          **AFFIRMATION**
                    **Pursuant to NRS 239B.030**
3
4     The undersigned does hereby affirm that the preceding **COMPLAINT**, filed in
5
District Court Case No. _____, does not contain the social security number of any
6
person.
7
      Dated this _27th_ day of _May_, 2010.
8
9                     **LAW OFFICES OF**
10                     **CHRISTOPHER J. RALEIGH, P.C.**
11
12
13
14                     CHRISTOPHER J. RALEIGH, ESQ.
State Bar No. 1596
15                     3800 Howard Hughes, Pkwy., Ste. 500
16                     Las Vegas, Nevada 89169
Attorneys for Plaintiff, Union Pacific Railroad Company
17
18
19
20
21
22
23
24
25
26
27
28

                              - 12 -