# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNION PACIFIC RAILROAD COMPANY,

    Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.

3:10-cv-00410-RCJ-RAM

**ORDER**

Currently before the Court is a Motion to Remand (#8) filed by Plaintiff Union Pacific Railroad Company ("Plaintiff") on July 21, 2010. Defendant Zurich America Insurance Company ("Defendant") filed an Opposition (#12) on August 6, 2010, and Plaintiff filed a Reply (#21) on September 30, 2010.

The Court heard oral argument on the motion on November 15, 2010.

## BACKGROUND

This is an insurance case involving claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Nevada Unfair Insurance Practices Act, and breach of fiduciary duty arising out of Plaintiff's claim for insurance benefits following the denial of a claim for defense and indemnity for a lawsuit entitled *Bert M. Brasher v. Union Pacific Railroad Company, et al.*, Second Judicial District Court, Washoe County, Case No. CV08-01753.

Plaintiff was an additional insured party under a policy purchased by Devine Intermodal from Defendant. (Compl. ¶ 6. attached as Ex A to Pet. for Removal (#1)). On June 30, 2008. Bert and Linda Brasher filed a complaint against Plaintiff in a Nevada district court, alleging

Plaintiff was liable for Bert's serious personal injury involving a trailer. (*Id.* at ¶ 8). Plaintiff sought defense and indemnity from Defendant under the insurance policy. (*Id.* at ¶ 10). Plaintiff alleges Defendant has delayed action on its demands and been difficult to communicate with. (*Id.* at ¶ 11). Thus, Plaintiff has been forced to incur the cost of defending against the Brashers' lawsuit. (*Id.* at ¶ 12).

On June 3, 2010, Plaintiff filed a complaint against Defendant based on the foregoing alleged misconduct. (Compl.). In the complaint, Plaintiff alleges claims for breach of contract, bad faith, violation of Nevada's insurance regulations, Nev. Rev. Stat. § 686A.310, breach of fiduciary duty, and a claim for punitive damages. (*Id.* at ¶¶ 13–42). Plaintiff seeks "general and special damages in excess of $10,000.00," "special damages in excess of $10,000.00," contractual and compensatory damages in excess of $10,000.00," "exemplary and punitive damages in excess of $10,000.00," and "costs of suit . . . and reasonable attorney's fees." (Compl. at 11:5–15).

On July 8, 2010, Defendant filed a petition for removal with this Court. (Pet. for Removal (#1)). Defendant asserted jurisdiction based on complete diversity between the parties and amount in controversy greater than $75,000.00. (*Id.* at ¶ 5). Defendant asserted that "[t]he claim for punitive damages alone exceeds the monetary jurisdictional amount of $75,000.00." Defendant also asserted that Plaintiff's claims "to recover both defense and indemnity for a serious personal injury case, 'bad faith' damages and punitive damages" exceeded the jurisdictional minimum. (*Id.* at ¶ 6).

**DISCUSSION**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447©. Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Up John Co.*, 139 F.3d 1313. 1316 (9th Cir. 1998); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "'Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)). The defendant always has the burden of establishing that removal is proper.

*Gause*, 980 F.2d at 566.

Diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). When a plaintiff has alleged a specific amount in controversy in his complaint, his allegation is given weight. In actions originally brought in state court, a plaintiff has no incentive to inflate his damages to achieve diversity jurisdiction. Therefore, if a plaintiff brings an action in state court and alleges an amount in controversy greater than the minimum for diversity jurisdiction, a diverse defendant may remove to federal court unless there is a legal certainty that plaintiff will not recover an amount above the minimum for diversity jurisdiction. Because a plaintiff may inflate his damages to achieve diversity jurisdiction in actions originally brought in federal court, if a plaintiff brings an action in federal court and alleges *in good faith* an amount in controversy greater than the minimum for diversity jurisdiction, the court may only dismiss the action if there is a legal certainty that the plaintiff will not recover an amount above the minimum for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).

Where a plaintiff has not alleged a specific amount in controversy, the defendant claiming removal jurisdiction bears the burden of establishing a sufficient amount in controversy by a preponderance of the evidence. *Id.* at 404; *McCaa v. Massachusetts Mutual Life Ins. Co.*, 330 F. Supp. 2d 1143, 1145 (D. Nev. 2004). The defendant cannot rely on bare allegations. He must produce evidence to support a sufficient amount in controversy for diversity jurisdiction. *See Sanchez*, 102 F.3d at 405; *McCaa*, 330 F. Supp. 2d at 1146. A complaint that prays for damages "in excess of $10,000.00" does not specify an amount in controversy greater than the minimum for diversity jurisdiction and thus a removing defendant bears the burden of proving a sufficient amount in controversy by the preponderance of the evidence. *McCaa*, 330 F. Supp. 2d at 1146. Because Nevada law does not allow a plaintiff to plead specific damages greater than $10,000, no adverse inference should be taken from a plaintiff's failure to specifically plead damages above $10,000 but below the minimum for diversity jurisdiction. *Id.* at 1150.

A plaintiff's claims for punitive damages and attorney's fees may be included in the total used to satisfy the minimum amount for diversity jurisdiction. *Id.* at 1148–50. However, defendant must produce evidence to show that plaintiff is more likely than not to recover punitive damages and attorney fees. *Id.*

Defendant must establish diversity jurisdiction in his petition for removal. He cannot rely on mere conclusory allegations in his petition that the amount in controversy exceeds the jurisdictional minimum. The removing defendant must rely on underlying facts in his petition. However, the district court may, at its discretion, treat facts and argument raised by a defendant in an opposition to a motion to remand after removal as an amendment to the original petition for removal. *Cohn*, 281 F.3d at 840 n.1.

Defendant relies entirely on the fact that Plaintiff seeks punitive damages which may exceed $75,000. This is not enough to satisfy Defendant's burden. Defendant argues that if punitive damages are alleged, the jurisdictional amount is satisfied unless there is a legal certainty that the plaintiff will not recover in excess of $75,000. Defendant primarily relies on *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164 (D. Nev 2006). However, as this Court has noted before,[1] *Coleman* was decided under an incorrect standard.

In *Coleman*, the court held that it had removal jurisdiction based on diversity because the plaintiff asserted a claim for punitive damages, which may be unlimited in bad faith insurance actions, and because the plaintiff refused to stipulate that the value of his case was less than $75,000. 463 F. Supp. 2d at 1168. The court, however, applied the wrong standard. The court held that it must appear to a legal certainty that the plaintiff could not recover above $75,000 in order to remand. *Id.* This test was rejected by the Ninth Circuit. *See Sanchez*, 102 F.3d 298, 403 (9th Cir. 1996). The Ninth Circuit reasoned:

> In our view, application of the "converse legal certainty" test in cases where the plaintiff's complaint does not specify a particular amount of damages is inappropriate, because it may result in an unwarranted expansion of federal diversity jurisdiction. For example, if a plaintiff actually seeking $10,000 in damages were to file a complaint in state court which did not specify the amount

---

[1] *See Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-CV-00661, 2010 WL 2609045, at *3–4 (D. Nev. June 24, 2010) (Jones, J.).

of damages sought, and the defendant were to then remove the case to federal court, application of the "converse legal certainty" test in these circumstances would force the federal court to exercise jurisdiction even if there was only a legal possibility that the amount in controversy exceeded [the jurisdictional minimum]. This result is clearly inconsistent with the limits which Congress has placed on both removal and diversity jurisdiction.

*Id.*

The court in *Coleman* relied on the Supreme Court case of *Bell v. Preferred Life Assur. Soc. of Montgomery Ala.*, 320 U.S. 238, 64 S.Ct. 5, 88 L. Ed. 15 (1943). In *Bell*, the plaintiff filed his complaint in federal court and specifically asked for $200,000 in actual and punitive damages. 320 U.S. at 239–40. The Supreme Court noted that recovery of actual damages was likely limited to $1,000, below the then $3,000 minimum amount-in-controversy requirement. *Id.* at 240. The Supreme Court held that the district court had jurisdiction unless the amount in controversy, to a legal certainty, was below $3,000. *Id.* at 241. Because punitive damages could meet the jurisdictional minimum, the Supreme Court reversed the district court's dismissal of the case for lack of jurisdiction. *Id.* at 241–43.

The Supreme Court dealt with a very different situation than the one in *Coleman* and this case. If a plaintiff pleads damages in excess of the jurisdictional amount in federal court, his good faith allegations are given weight and dismissal is only appropriate if there is a legal certainty that the amount in controversy is below the jurisdictional amount. *Sanchez*, 102 F.3d at 402. If, as in *Coleman* and this case, the plaintiff pleads an unspecified amount in state court, the defendant must prove that the amount in controversy is in excess of the jurisdictional minimum by a preponderance of the evidence to establish removal jurisdiction based on diversity. *Id.* at 404. In this matter, Defendant has failed to establish, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. Therefore, this case must be remanded to the state court.

In this case, Plaintiff has not pled an amount in excess of $75,000.00. Just because Plaintiff seeks punitive damages does not vest this Court with jurisdiction. Defendant has provided no evidence that the amount in controversy is in excess of $75,000.00. Yet, proof of this assertion is Defendant's burden to bear. Furthermore, the Court resolves doubt

against removal jurisdiction. Therefore, the Court remands this case back to state court.

Plaintiff also notes that Defendant alleges its liability under the policy may be limited to $30,000.00, (see Ans. (#5) 9:7–12), and asserts that its damages at the time of filing its motion were approximately $33,000.00. (Pl.'s Mot. to Remand (#8) 4:9–5:7, 6:19–7:4). Though Plaintiff refers to an attached affidavit of Christopher J. Raleigh, it is not attached to Plaintiff's motion.

Defendant argues that fees are being incurred in the Brasher lawsuit at a rate of $3,000 per month and will exceed $45,000 by the time this motion is heard. (Def.'s Opp'n (#12) 6:12–21). This hypothesis is not enough to carry Defendant's burden of supporting its petition for removal with evidence that shows this Court has jurisdiction by a preponderance of the evidence. Nor is Defendant's bare citation to large jury verdicts in other cases. These citations show only that punitive damages may exceed $75,000.00, not that they are likely to do so in this matter.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand (#8) is GRANTED.

DATED: This 30th day of November, 2010.

_____
United States District Judge

6